IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| BUILD A SIGN, LLC,<br><br>Plaintiff,<br><br>v.<br><br>LANDMARK TECHNOLOGY, LLC,<br><br>Defendant. | § § § § § § § § § § § § | Civil Action No. 1:17-cv-227<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S COMPLAINT

Build A Sign, LLC ("BuildASign" or "Plaintiff"), by and through its attorneys, for its Complaint against Landmark Technology, LLC ("Landmark" or "Defendant"), hereby alleges as follows:

### I.  NATURE OF THE ACTION

1.  Plaintiff brings this action seeking a declaration that it does not and has not infringed any claim of the Defendant's asserted patent, United Sates Patent No. 6,289,319 (the "'319 patent) issued September 11, 2001, for "Automatic Business and Financial Transaction Processing System."  Attached hereto as **Exhibit "A"** is copy of the '319 patent.

### II.  THE PARTIES

2.  Plaintiff BuildASign is a Texas corporation with its principal place of business at 11525A Stonehollow Dr., Suite 100 Austin, Texas 78758. BuildASign owns and does business through the website "BuildASign.com."

3.  Upon information and belief, Defendant Landmark is a Delaware limited liability company with its principal places of business located at 329 Laurel Street, San Diego, California

92102 and/or 179 W. Front Street, Suite 157, Tyler Texas, 75702.

### III.   JURISDICTION AND VENUE

4.   The Court has original and exclusive subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this Complaint states claims arising under an Act of Congress relating to patents, 35 U.S.C. § 271. The Court also has original and exclusive subject matter jurisdiction over these claims because this Complaint arises under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 *et seq.*, based on the declaratory judgment sought by BuildASign due to Landmark's accusations of alleged patent infringement.

5.   Landmark has an extensive and aggressive history of sending demand letters accusing companies of infringing Landmark's rights regarding the '319 patent and filing patent infringement lawsuits.[1]   Upon information and belief several Texas companies, including BuildASign, received such a demand letter from Landmark in December 2016.  Landmark's demand letter to BuildASign, both separately and taken together with Landmark's extensive history of filing patent infringement lawsuits regarding the '319 patent and other related patents, exemplifies the actual case or controversy under 28 U.S.C. §§ 2201 and 2202.

6.   After sending the initial demand letter to BuildASign, Landmark has been in continuous contact with BuildASign regarding the '319 patent based on Landmark's contention that BuildASign's retail website infringes the '319 patent.

7.   The Court has personal jurisdiction over Landmark based on Landmark's extensive contacts with the State of Texas.  Landmark has regularly, continuously and systematically availed itself of the Texas federal district courts, repeatedly using Texas courts as a preferred forum for

---

[1] Based on information and belief, Landmark has been involved in over one hundred lawsuits in which Landmark alleges patent infringement. Upon information and belief, Landmark filed more than sixty-five (65) of these lawsuits in the State of Texas since 2011. Additionally, based on information and belief, Landmark has filed at least 33 lawsuits related to alleged infringement of the '319 patent since September 2008.

BUILDASIGN'S ORIGINAL COMPLAINT

2

asserting alleged infringement of the '319 patent and related patents. Landmark has purposefully and repeatedly directed its activities at residents of Texas. Landmark also maintains or maintained an office in Texas. Thus, Landmark has sufficient minimum contacts with the State of Texas to satisfy the Texas long-arm statute and Constitutional due process requirements because Landmark regularly conducts business activities in Texas.

8. Venue in the Western District of Texas is proper pursuant to 28 U.S.C. §§ 139l (b), (c) and l400(b), as a substantial part of the events giving rise to the claims in this Complaint occurred in this Judicial District and BuildASign's principal place of business is in this Judicial District. Further, Landmark has had continuous and purposeful contacts with BuildASign since the initial demand was made upon BuildASign.

## IV. FACTUAL BACKGROUND

9. On information and belief, Landmark is a non-practicing entity (*i.e.* patent troll) whose business activities solely consist of sending demand letters seeking patent license fees or filing lawsuits against purported patent infringers who fail to pay the license fee demanded. On information and belief, Landmark claims to be the exclusive licensee of the '319 patent. On information and belief, Landmark has been involved in many patent infringement lawsuits against companies that refuse to pay the license fee sought by way of Landmark's licensing demand letters. *See e.g.*, *Collin Street Bakery, Inc. v. Landmark Technology LLC*, No. 3:17-cv-00256 (N.D. Tex. 2017); *Fabletics, LLC v Landmark Technology LLC*, No. 3:16-cv-04831 (N.D. Cal. 2017); *Tatcha, LLC v. Landmark Technology LLC*, No. 3:17-cv-00075 (N.D. Cal. 2016); *Landmark, LLC v. G. Stage Love.com Inc.*, No. 3:16-cv-00760 (S.D. Cal. 2016); *Landmark Technology, LLC v. Canada Drugs L.P.*, No. 3:16-cv-00558 (S.D. Cal. 2016); *Triad Catalog co., LLC d/b/a Soft Surroundings v. Landmark Technology, LLC.*, No. 4:16-cv-001690 (E.D. Mo. 2016); *Landmark Technology,*

Case 1:17-cv-00227-SS   Document 1   Filed 03/10/17   Page 4 of 7

*LLC vs Assurant, Inc.*, No. 6:15-cv-00076 (E.D. Tex. 2015); *Landmark Technology, LLC v. Ace US Holdings, Inc.*, *Ace Limited and Ace USA, Inc.*, No. 6:15-cv-00437 (E.D. Tex. 2015); *Landmark, LLC v. YOOX Corp.*, No. 6:15-cv-00069 (E.D. Tex. 2015).

10. On information and belief, Landmark has filed over one hundred (100) lawsuits against various companies asserting claims based on the '319 patent and patents related to the '319 patent.

11. On information and belief, none of the numerous lawsuits involving Landmark's attempts to enforce the '319 patent and other patents has made it as far as claim construction. In fact, very few Defendants have ever filed an answer. The remaining cases appear to have been resolved prior to the answer filing deadline.

12. Landmark has accused BuildASign of infringing the '319 patent. Attached hereto as **Exhibit "B"** is a copy of Landmark's Demand Letter to Plaintiff dated December 5, 2016 (the "Demand Letter"). The Demand Letter was sent to Plaintiff's office at 11525 Stonehollow Dr., Ste. A100, Austin, TX 78758. The Demand Letter contends that "BuildASign.com's [] data processing systems, particularly https://www.buildasign.com/Cart.aspx," infringe the '319 patent. *See* Ex. B at 1; *see also id*. at 2 (stating further that "the specific functionalities implemented by BuildASign using their [sic] servers and devices interfaced to BuildASign's web servers constitutes use of the technology taught within the meaning of Claim 1 of the '319 patent.").

13. Landmark's Demand Letter provides Plaintiff the option to pay $45,000 for a non-exclusive license to Landmark's patent portfolio, including the '319 patent, or be sued by Landmark, as their offer "will not be available in the event of litigation." *See* Ex. B at 2. Indeed, based on information and belief, Landmark has sent similar letters to a smattering of alleged infringers with similar monetary demands.

14. As evidenced by the complaints Landmark has filed against numerous other licensing targets, Landmark files patent infringement lawsuits against those companies who receive its licensing demand letters but refuse to pay Landmark the requested amounts. *See*, e.g., *Landmark, LLC v. G. Stage Love.com Inc.*, No. 3:16-cv-00760 (S.D. Cal. 2016) (stating that "Plaintiff sent Defendant a letter informing Defendant of the '319 Patent that Defendant's actions, as more fully described below, constituted infringement of the '319 Patent."); *Landmark, LLC v. Canada Drugs L.P.*, No. 3:16-cv-00558 (S.D. Cal. 2016)(stating that "[o]n or about November 16, 2015, Plaintiff sent Defendant a letter informing Defendant of the '319 Patent that Defendant's actions, as more fully described below, constituted infringement of the '319 Patent); *Landmark, LLC v. YOOX Corp.*, No. 6:15-cv-00069 (E.D. Tex. 2015) (stating that "[o]n or about September 19, 2014, Plaintiff provided notice to Defendant informing Defendant of the '319 Patent and that Defendant's actions, as more fully described below, constituted infringement of the '319 Patent.").

15. Plaintiff had no knowledge of Landmark or the '319 patent until receipt of the Demand Letter.

16. The '319 patent contains a one independent patent claim ("claim 1") whose field of invention is "an automatic data processing system for processing business and financial transactions between entities from remote sites." Ex. A, col. 6, lines 7-9.  In fact, as the '319 patent specification states: "The principal object of this invention is to provide an *economical means for screening loan applications*." Ex. B, 1:45-46 (emphasis added).  Yet, Landmark attempts to assert such a claim against online retailers, such as BuildASign.com.

17. BuildASign does not infringe upon any claim of the '319 patent.  Accordingly, Plaintiff files this action and requests the Court declare same.

## COUNT ONE
## DECLARATION OF NON-INFRINGEMENT (U.S. PATENT NO. 6,289,319)

18. Plaintiff realleges and incorporates herein paragraphs 1–17.

19. BuildASign has not infringed and does not infringe any claim of the '319 patent, whether literally or under the doctrine of equivalents. Additionally, BuildASign is not liable for any induced, contributory, divided, or other indirect infringement of any valid and enforceable claim of the '319 patent. Neither BuildASign, nor its customers who access its website, nor anyone associated with BuildASign, utilize all of the elements of the claims of the '319 patent.

20. There exists a substantial, real and immediate controversy between BuildASign and Landmark concerning BuildASign's alleged infringement of the '319 patent, which BuildASign denies; and this controversy warrants the issuance of a declaratory judgment. The controversy arises from Landmark's Demand Letter to BuildASign claiming that BuildASign infringes at least claim 1 of the '319 patent; and providing BuildASign the option to pay for a license to Landmark's patent portfolio, including the '319 patent, within fifteen (15) days of the Demand Letter being sent or be sued. Landmark's Demand Letter alone, and in combination with Landmark's widespread campaign of filing patent infringement lawsuits against licensing targets that refuse to pay the license fee Landmark demands, clearly demonstrates Landmark's intent to attempt to enforce the claims of the '319 patent against BuildASign.

21. Thus, a judicial declaration is necessary and appropriate so that BuildASign may ascertain its rights regarding the '319 patent. BuildASign therefore seeks a judicial declaration that BuildASign does not directly, or indirectly, or otherwise infringe any valid and enforceable claim of the '319 patent.

## VII.   JURY DEMAND

22.   Plaintiff hereby demands a jury on all issues so triable.

## VIII.   REQUEST FOR RELIEF

WHEREFORE, Plaintiff BuildASign respectfully requests the following relief:

A.   A declaration that BuildASign has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '319 patent, whether literally or under the doctrine of equivalents;

B.   An order declaring that this is an exceptional case and awarding BuildASign its costs, expenses, disbursements and reasonable attorneys' fees under 35 U.S.C. § 285; and,

C.   All such other and further relief, both at law and in equity, which this Court deems just and proper.

Dated:  March 10, 2017                    Respectfully submitted,

By:   */s/ Ryan A. Botkin*
Ryan A. Botkin
Texas State Bar No. 00793366
ryan@wittliffcutter.com
John D. Saba, Jr.
Texas State Bar No. 24037415
john@wittliffcutter.com
Katherine P. Chiarello
Texas State Bar No. 24006994
katherine@wittliffcutter.com

**WITTLIFF | CUTTER | AUSTIN, PLLC**
1806 West. Ave.
Austin, Texas  78701
Telephone:  (512) 960-4730
Telecopier:  (512) 960-4869

**ATTORNEYS FOR PLAINTIFF BUILDASIGN**